UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

MARLENE PACHECO,

   Plaintiff,

v.

LUXE HOSPITALITY GROUP, LLC.

   Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, MARLENE PACHECO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, LUXE HOSPITALITY GROUP, LLC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA").

### PARTIES

2. Plaintiff, Marlene Pacheco, is an adult, female resident of Miami-Dade County, Florida.

3. Defendant, LUXE HOSPITALITY GROUP, LLC. is a Florida Limited Liability Company, authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. 760.01, et seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et. seq.

6. At all times material hereto Defendant was an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. Plaintiff is an "employee" within the meaning of the ADEA.

9. Defendant is an "employer" within the meaning of the ADEA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331.

11. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

13. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. The Plaintiff is a 58-year-old female.

16. In March of 2005, the Plaintiff began working for Menin Hospitality as the supervisor of housekeeping at Bentley Hotel in Miami Beach, FL.

17. On or about July of 2019, the Defendant purchased the Bentley Hotel and began taking over the operations at the Bentley Hotel.

18. The Plaintiff continued to work at the Bentley Hotel under the Defendant's management.

19. After the hotel was under new management, the Defendant hired new and younger housekeepers.

20. In September 2019, Gabriela who was 30 years old, was hired by the Defendant.

21. The Defendant instructed the Plaintiff to instruct coworker Margartia Castillo who is 56 years old to train Gabriela.

22. After Gabriela was trained by Margarita, the Plaintiff was instructed by the Defendant to train Gabriela to complete the Plaintiff's daily duties.

23. The housekeepers being hired by the Defendant were younger than the Plaintiff.

24. All the new housekeepers were under 35 years old.

25. The Plaintiff trained all of the new housekeepers.

26. On October 15, 2019, the Plaintiff, and coworker Margartia Castillo were terminated after training new employees.

27. Additionally, prior to the Plaintiff's termination, the Defendant fired two other workers over the age of 50.

28. Other employees over the age of 40 were also terminated by the Defendant.

29. The Plaintiff never had any issues, warnings, or disciplinary actions during the 15 years of service and received exceptional reviews and promotions.

30. The Plaintiff was qualified to do the job of a supervisor of housekeeping.

31. The Plaintiff was replaced by a substantially younger person for the same position as Plaintiff.

32. As a result of Defendant's discriminatory treatment of the Plaintiff based on her age, the Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I
## Age Discrimination in Violation of the ADEA

33. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-32 above as is set out in full herein.

34. Plaintiff is in the protected age category under the ADEA.

35. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

36. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

37. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

38. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

40. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

43. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

44. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

45. Defendant is a covered employer to which the ADEA applies.

46. Defendant terminated and disqualified Plaintiff from employment because of Plaintiff's age.

47. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

  a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

  b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

  e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

48. Plaintiff re-alleges and re-affirms Paragraphs 1-32 as is it fully set forth herein.

49. Plaintiff is a member of a protected age category under the FCRA.

50. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

51. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained the new, younger employees, trained by Plaintiffs and did so despite the knowledge of engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant.

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein.

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adán, Esq.
Fla. Bar No.: 24223